**SOUTHERN PREMIUM STAMP COMPANY**

v.

**UNITED STATES.**

**Civ. A. No. 526.**

United States District Court
M. D. Georgia,
Valdosta Division.

Sept. 26, 1960.

Judgment Affirmed May 9, 1961.

See 289 F.2d 319.

Ed Barham, Valdosta, Ga., for plaintiff.

Frank O. Evans, U. S. Atty., Macon, Ga., Leon Vaseliades, Dept. of Justice, Washington, D. C., for defendant.

BOOTLE, District Judge.

Each side in this case having filed a motion for summary judgment in its behalf, and counsel for both sides having filed stipulations, one on September 24, 1960 and the other on September 26, 1960, and the Court being of the opinion that there remains no issue of fact in this case, and being of the further opinion that the defendant is entitled to a summary judgment in its behalf, the defendant's motion for summary judgment is hereby granted, and counsel for the defendant may prepare and hand up an appropriate order and judgment in its behalf.

The reasons which impel the Court to this conclusion will be stated in a subjoined memorandum attached hereto.

### Memorandum

The Internal Revenue Code of 1954 contains the following provisions:

"There is hereby imposed upon the following articles *sold at retail* (emphasis supplied) a tax equivalent to 10 percent of the price for which so sold:

"All articles commonly or commercially known as jewelry, whether real or imitation. * * *" 26 U.S.C.A. § 4001.

"There is hereby imposed upon the following articles sold at retail (including in each case fittings or accessories therefor sold on or in connection with the sale thereof) a tax equivalent to 10 percent of the price for which so sold—[Luggage, Handbags, Etc.]" 26 U.S.C.A. § 4031.

The facts of the case are set forth in the stipulations filed by counsel for both parties referred to in the above order. There remains, therefore, only the following two questions:

1) Is the transfer by plaintiff of an article to which the tax is otherwise applicable (for example, jewelry) a sale at retail within the meaning of the above provisions, where the transfer is to the ultimate consumer in exchange for plaintiff's trading stamps?

2) If such transfer is a sale at retail within the meaning of the above provisions, is the "price for which so sold" the fair market value of the articles so transferred (termed "premiums" in the stip-

ulation) at the time plaintiff transferred such articles to the ultimate consumer in exchange for the trading stamps?

Both questions must be answered in the affirmative.

The most recent retailers' excise tax regulations, issued under the 1939 Code which was identical to the 1954 Code in this respect, contain the following provision:

> "The giving of a premium in consideration of the return of wrappers, labels, coupons, trading stamps, or other scrip, delivered or sold in connection with the sale of a commodity, constitutes a taxable transaction, and the person so giving the premium is considered to be one who sells at retail." Treasury Regulations 51 (1951 ed. Section 320.5(d).)

No case has been brought to the court's attention construing this regulation and its application to a factual situation like the one presently under consideration. But at least three cases were decided under a similar provision of the Revenue Acts of 1918 and 1921: Colgate & Co. v. United States, 1928, 66 Ct.Cl. 510; United Profit Sharing Corporation v. United States, Ct.Cl.1930, 43 F.2d 266; United Cigar Stores Co. of America v. United States, 1931, 50 F.2d 466, 72 Ct.Cl. 453. The factual situations in these three cases were very much like the circumstances of the instant case, and the applicable statutory provision was as follows:

> "[T]here shall be levied, assessed, collected, and paid * * * upon all articles commonly or commercially known as jewelry * * * when *sold* by or for a dealer or his estate *for consumption or use* (emphasis supplied) a tax equivalent to 5 per centum of the price for which so sold."

Revenue Act of 1918, c. 18, § 905, 40 Stat. 1057; Revenue Act of 1921, c. 136, § 905, 42 Stat. 227. The decision in each of those cases was in favor of the Government and against the taxpayer. Under the reasoning of those cases, it seems clear that plaintiff's transfers constitute sales at retail.

As to the second question regarding the ascertainment of the "price for which so sold" the language of Judge Booth in construing identical words in the Colgate & Co. case should suffice to support the court's affirmative answer.

> "A final impediment to the collection of the tax is said to reside in the fact that the *price* for which the articles of jewelry are exchanged for coupons is not ascertainable, and hence the regulations for the collection of the tax [providing for computation on the basis of the fair market value of the premium] are contrary to the wording and intent of the law. To so contend is the equivalent of asserting that if a dealer in jewelry establishes a method of selling his merchandise, which method obscures the ready ascertainment of the selling price of the article sold, he may escape the revenue laws and carry on free from this burden. In other words, he may indirectly accomplish a result which he may not directly do * * *. The plaintiff, in fixing the value of jewelry premiums, predicates their acquisition upon a sufficient number of redeemed coupons to cover not only the market value of the article transferred, but adds thereto the proportionate cost of overhead incurred in the conduct of the business, and thereby really obtains an estimate price somewhat in excess of the market value of the jewelry. The price thus fixed by the plaintiff embraces within its computation elements of uncertainty and estimates, and may or may not reflect stable and precise return for the articles sold. The Commissioner, on the other hand, resorts to a basis easily ascertainable and obviously to the advantage of the taxpayer in that estimates and pro rata apportionments

of overhead, etc., are absent." Colgate & Co. v. United States, supra.

For these reasons the court is of the opinion that summary judgment must be granted in favor of defendant.