**UNITED STATES of America, Plaintiff,**

v.

**Marvin REDMOND, d/b/a Redmond's Jewelers, Defendant.**

**Civ. A. No. 19829.**

United States District Court
E. D. Michigan, S. D.

April 24, 1962.

Motion for New Trial Denied
June 5, 1962.

Louis F. Oberdorfer, Asst. Atty. Gen., Richard M. Roberts and John F. Beggan, Attorneys, Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Jay Nolan, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

J. C. Siegesmund, Jr. and Calvert Thomas, Detroit, Mich., for defendant.

THORNTON, District Judge.

The Government brings this civil action for the recovery of tax refunds allegedly erroneously made to defendant taxpayer. The case has been submitted on the stipulation of facts filed herein and on the testimony of the taxpayer. The taxes involved are retail jewelry excise taxes covering various periods from February 1953 through September 1956. The only issue is whether certain sales of jewelry made by defendant taxpayer to certain corporations are sales at retail within the purview of the statute—Section 2400 of the

Internal Revenue Code of 1939, 26 U.S.C.A. § 2400 and Section 4001 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4001.

During the years in question defendant operated a jewelry store in Pontiac, Michigan. He considers that his store did both a retail and a wholesale business. It is conceded that defendant did not maintain separate retail and wholesale records as such. At issue here is a type of sale referred to as "industrial sale" made to General Motors and Baldwin Rubber. The jewelry sold to General Motors and Baldwin was distributed by them as awards to employees or to customers. Said jewelry was not resold by General Motors and/or Baldwin. The Government contends that such sales by defendant to General Motors and to Baldwin were sales at retail subject to the retail jewelry excise tax. Defendant disagrees. When the tax refunds were made the Government states that it was done on the authority of Gellman v. United States, 8 Cir., 1956, 235 F.2d 87 and Torti v. United States, 7 Cir., 1957, 249 F.2d 623. After that the Internal Revenue Service ruled that those two cases would be authority for non-liability only as to wholesalers. It is, therefore, the position of the Government now that, since defendant is not in fact a wholesaler, he is liable for the tax previously paid by him and erroneously refunded by the Government.

The Government relies upon a number of statements made by the taxpayer at the time he testified here to show that he is not a wholesaler. We agree that defendant is far from being engaged solely in a wholesale business. His business appears to be a retail business mainly. This does not, in our opinion, mean that in fact defendant could not make sales at wholesale. The question is "what are articles sold at retail?" The statute reads as follows:

Internal Revenue Code of 1939:

"§ 2400. Tax on jewelry, etc.

"There is hereby imposed upon the following articles sold at retail a tax equivalent to 10 per centum of the price for which so sold: All articles commonly or commercially known as jewelry, whether real or imitation;
* * *."

Internal Revenue Code of 1954:

"§ 4001. Imposition of tax.

"There is hereby imposed upon the following articles sold at retail a tax equivalent to 10 percent of the price for which so sold:

"All articles commonly or commercially known as jewelry, whether real or imitation."

There is no definition of the term "sold at retail" contained in the statute. The statute applies to "articles sold at retail." We do not consider this language to mean any and all articles sold by a retailer. If, in fact, a retailer sells articles at wholesale, then such articles are not "articles sold at retail." This is simple logic. There is nothing contained in either Gellman or Torti to refute this. The question then becomes simply one of classification as to the articles sold to General Motors and Baldwin for purposes of gift or bonus. Torti considers such purchases by the customers of taxpayer as purchases for business purposes, there being inherently a profit motive, the purchases not being for "personal wants or for family use." Torti concludes they did not constitute sales at retail. To the same effect is Gellman. In Gellman the Court of Appeals reversed the lower court which had found the sales to be sales at retail. In Torti the Court of Appeals affirmed the lower court which had held the sales not to be sales at retail. This brings us to the case of Laufman v. United States, 199 F.Supp. 353, decided November 20, 1961 by the United States District Court, Southern District of Texas, Houston Division. The District Court here concluded that the sales in question were sales at retail. The purchasers, in fact, bought the articles for distribution to the employees in connection with its employee relations program. The taxpayer apparently conducted primarily a retail business but also made some sales

contended by it to be not at retail. The District Court in Laufman attempts to distinguish Gellman and Torti mainly on the ground that the taxpayer there conducted wholesale businesses while Laufman operated a retail establishment. The District Court in Laufman also reasons that although the statute reads "sold at retail", "Chapter 31 of the Code, which promulgates the tax, designates that it is a *retailers* excise tax." The Court attaches considerable weight to the designation. The Court also relies strongly upon the Treasury Regulation providing that all sales by retailers are presumed to be sales at retail unless there has been a " 'retailers' exemption certificate' furnished by the purchaser", or there is other equivalent proof of exemption. The Laufman opinion is one for which we have much respect but with which we must nevertheless disagree as to each determinative point made. We are of the opinion that one engaged in the retail business primarily may nonetheless make sales that are not sales at retail within the meaning of the retail excise tax statute. We agree with the tests laid down in Torti and Gellman as to the nature of wholesale sales as compared with retail sales. We do not consider it necessary that in order for a retailer to sell articles "not at retail" he must maintain separate books and records or that he must conduct a "separately identifiable and regularly established wholesale business." (Laufman v. United States, supra.)

For the above stated reasons, and based upon the rationale contained in the Gellman and Torti opinions, as well as upon the clear wording of the statute, we conclude that the sales in issue here were not sales of "articles sold at retail."

An appropriate judgment may be presented.

### On Motion for New Trial

Upon consideration of the motion for new trial filed herein by plaintiff, and

After oral argument in open court by counsel for the respective parties, consideration of the briefs submitted by said counsel, and review of the applicable law, including the case of Worrell's Limited, Doing Business as R. D. Worrell Jewelry Co. v. The United States, Ct.Cl.1962, 301 F.2d 317, upon which plaintiff grounds its motion, and

It appearing to the Court that the motion should not be granted because the Court adheres to the reasoning adopted in its previously announced opinion of April 24, 1962,

IT IS HEREBY ORDERED AND ADJUDGED that the motion for new trial be, and the same is hereby denied.