**WILSON CHEMICAL COMPANY, a partnership, Geo. C. Wilson, III, S. W. Hooker, C. A. Wilson, S. W. Wilder, and M. B. Wilson, partners, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 28290.

United States District Court
E. D. Pennsylvania.
May 15, 1963.

---

Alphonsus R. Romeika, of Romeika, Fish & Scheckter, Philadelphia, Pa., for plaintiffs.

Solomon Fisher, Edward S. Smith, David A. Wilson, Jr., Herman Wilson, Louis F. Oberdorfer, Asst. Atty. Gen., Department of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., for defendant.

FREEDMAN, District Judge.

This is a suit for refund of excise taxes. The Government claims that the jewelry involved was "sold at retail" and therefore was subject to the excise tax imposed by § 2400 of the Internal Revenue Code of 1939 and § 4001 of the Internal Revenue Code of 1954.

The facts have been stipulated by the parties and each side has moved for summary judgment.

Plaintiff manufactures a salve. It recruits children to sell the product by advertisements in children's publications. Plaintiff retained no control over the manner in which the children sold the salve and disclaimed any liability for their actions. Compensation to the child for his services was based upon his sale of an order (consisting of 14 cans) of salve at a stated price per can. Payment was made in one of two ways, at the option of the child. The child either retained a specified amount of the selling price, remitting the balance to plaintiff, or, in the alternative, remitted the entire selling price and obtained from plaintiff any one of the items listed as obtainable for selling one order of salve, which the child selected from a catalogue supplied by plaintiff.

The tax admittedly is due if the items which the children received as compensation for their services were "sold at retail" to them. The phrase is not defined in the statute, but it has been the subject of discussion in a number of cases. Gellman v. United States, 235 F.2d 87 (8th Cir., 1956); Torti v. United States, 249 F.2d 623 (7th Cir., 1957); Worrell's Limited v. United States, 301 F.2d 317 (Ct.Cl.1962); United States v. Redmond, 205 F.Supp. 858 (E.D.Mich.1962). See also Roland Electrical Co. v. Walling, 326 U.S. 657, 66 S.Ct. 413, 90 L.Ed. 383 (1946), elaborately reviewing the meaning of exemption of a "retail or service establishment" under the Fair Labor Standards Act (29 U.S.C.A. § 213(a) (2)).

Plaintiff contends that even if the jewelry transactions here involved constituted a sale, as they clearly do,[1] they were not "at retail". There has been some conflict on whether a "sale at retail" is the equivalent of a "sale for a purpose other than resale". In the Gellman, Torti and Redmond cases the purchasers from the taxpayer distributed

---

1. We need not decide whether the transaction would have constituted a sale if the child received jewelry in payment for his services without having had an opportunity to exercise an option right. See, however, Treasury Regulations 51 (1941 Ed.), § 320.1(f), which provides: "The term 'sale' means an agreement whereby the seller transfers the property (that is, the title or the substantial incidents of ownership) in goods to the buyer for a consideration called the price, which may consist of money, *services*, or other things." (Emphasis supplied).

the articles as gifts or prizes to their customers or employees as incentive awards. The Government contended that since the purchases from the taxpayer were not for the purpose of resale, the transactions were sales at retail. In each case, however, it was held that the sales were not at retail, because the purchasers acquired the items for distribution for business purposes. In the language of the Torti case: "The customers of taxpayers did not purchase the merchandise for their personal wants or for family use. They made their purchases for business reasons. They had a profit motive." (249 F.2d p. 626).

In the Worrell case, the Gellman and Torti cases are distinguished and the view is taken that by the phrase "sold at retail" Congress intended to indicate *when* in the course of its marketing cycle the jewelry would be taxed, and that this point of final sale is reached when it is sold, not for resale.

■ We are not required in the present case to make a choice between these two views. For considering the transaction in its entirety, as we must in order to determine the intention of the parties, the question whether there was a "sale at retail" is readily determined on either view.

The children whom the plaintiff recruited served two business purposes. They constituted a corps of juvenile salesmen for the plaintiff's salve, and as such were entitled to compensation. From the very beginning, plaintiff offered for sale to them its catalogue items at a price measured by the value of the child's services in selling one order of 14 cans of salve.

■ We cannot say, therefore, as plaintiff urges us to do, that the catalogue items were awarded to the children as prizes or gifts. If they were, then indeed the children would have been enticed to work for nothing in selling the salve. On the contrary, the catalogue items represented compensation to the children,—payment for their services. The child, and not the plaintiff, had the option to receive compensation in cash or in kind by selecting a catalogue item. The child exchanged his accumulated compensation for an item in the catalogue whenever he selected that item instead of retaining cash. It was, in such cases, the redemption of an account receivable for services for the catalogue item of jewelry. It is a clearer case of a retail sale than the redemption of trading stamps. Southern Premium Stamp Company v. United States, 191 F.Supp. 158 (M.D.Ga.1960), aff'd., 289 F.2d 319 (5th Cir., 1961). See also United Profit Sharing Corporation v. United States, 43 F.2d 266 (Ct.Cl.1930), cert. den., 282 U.S. 881, 51 S.Ct. 84, 75 L.Ed. 777; United Cigar Stores Co. v. United States, 50 F.2d 466 (Ct.Cl.1931), cert. den., 284 U.S. 666, 52 S.Ct. 39, 76 L.Ed. 564.

The imprint of a retail sale is indelibly stamped on these transactions. The quantities were individual. The items were received at the personal selection of each child. The children's business purpose in selling the salve did not apply to the selection of jewelry. On the contrary, by attracting the children's interest in the jewelry, plaintiff was able to have them assume the burden of selling the salve. It is true the children passed the salve on to others. But the jewelry was chosen and received by the children for themselves. The contrast between the child's relationship to the jewelry, which he retained, and the salve, which he received from the plaintiff to pass on to the ultimate purchaser, demonstrates that the jewelry was the subject matter of a retail sale to the child, paid for by his selling effort.

### ORDER

AND NOW, May 15, 1963, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.